CJ-23-1380 Andrews

*1054879283*

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| **BELGER CARTAGE SERVICE, INC.,** **Plaintiff,** v. **TRANE U.S., INC. d/b/a TRANE, and TRANE TECHNOLOGIES COMPANY LLC,** **Defendants.** | ) ) ) ) ) ) ) ) ) ) ) | **Case No.** CJ-2023-1380 |

FILED IN DISTRICT COURT
OKLAHOMA COUNTY
MAR 14 2023
RICK WARREN
COURT CLERK
112 ____________

## PETITION

**COMES NOW** Plaintiff, Belger Cartage Service, Inc. ("Plaintiff"), and for its claims against Defendants, Trane U.S., Inc. d/b/a Trane, and Trane Technologies Company, LLC (individually or collectively the "Defendants"), states and alleges:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Belger Cartage Service, Inc., is a Missouri corporation that conducts business in the State of Oklahoma.

2. Defendant, Trane U.S., Inc. d/b/a Trane is a Delaware corporation that conducts business in the State of Oklahoma.

3. Defendant, Trane Technologies Company, LLC, is Delaware limited liability company that conducts business in the State of Oklahoma.

4. This Court has jurisdiction over the parties and this matter, and venue is proper in this County because a substantial portion of events that led to this action, including the negotiation, creation and performance of contractual rights that involve the provision of equipment and services, occurred in Oklahoma County, Oklahoma.



EXHIBIT 1

## FACTUAL BACKGROUND

5. On or about April 20, 2022, Plaintiff and Defendants entered into a Work Order wherein Plaintiff agreed to provide a crane and related services for the removal of an old chiller and installation and setting of a new Trane Centrifugal Chiller (the "Chiller") at St. Anthony Hospital in Oklahoma City, Oklahoma. The Work Order was signed and agreed to by Defendants and states it is "Subject to conditions on the reverse side" which include, among other provisions, the following:

> It is agreed and understood that any equipment, or any item which may be delivered, is brought upon or delivered to lessee's premises (including any premises where lessee is engaged in work on account of or in connection with which this work order was issued) <u>at the sole risk of the lessee</u>. It is further agreed and understood that any work performed on such premises is <u>performed at the sole risk of the lessee.</u> With regard to such equipment or deliveries or work performed, <u>Belger Cartage Service, Inc. is hereby relieved from any and all responsibility regardless of its own fault or negligence</u>. Belger Cartage Service, Inc. is further relieved of any responsibility whatsoever for damage to any curb, sidewalk, drive, lawn or appurtenance adjacent to the said premises. <u>In connection with any claims made against Belger Cartage Service, Inc. arising out of deliveries made, equipment furnished or work done in connection with this work order, the lessee hereby indemnifies Belger Cartage Service, Inc. in full (including attorney's fees). This indemnity to Belger Cartage Service, Inc. shall extend to and include any and all injuries to persons and any and all damage to property which may occur on account of the negligence of Belger Cartage Service, Inc</u>. (underscore added).

6. On or about April 22, 2022, Plaintiff provided the equipment and services necessary to remove the existing chiller and replace it with the new Chiller. However, when the new Chiller was set and installed, it was damaged.

7. On April 29, 2022, Defendants sent a letter to Belger Cartage documenting this incident and the alleged damages to the Chiller. Several months later, on December 16, 2022, Defendants sent Plaintiff another letter stating all damage to the Chiller (other than a small dent that did not affect its operation) had been repaired. Defendants further stated the Chiller had been tested to confirm it was fully operational and in proper working condition.

8. On or about January 26, 2023, Plaintiff and Defendants again discussed the alleged damages to the Chiller, including the costs incurred in repairing and testing. These costs included $9,202.00 for Trane Service Labor, $6,604.00 for Trane project management labor, and $3,059.00 for the Eddy current testing and vessel pressure test, which amounts totaled $18,865.00.

9. At that time, Defendants owed Plaintiff $19,430.50 for the services and equipment provided to Defendants under the Work Order (the "Invoice"). Thus, even though Plaintiff had no liability under the Work Order for any damage to the Chiller, Plaintiff and Defendants agreed that Plaintiff's Invoice amount would be written off in satisfaction of all damages claimed by Defendants (the "Agreement"). This Agreement was confirmed in a follow-up email and was agreed to even though Defendants had requested, and Plaintiff refused to pay for, an extended 10-year warranty, service agreement, and overhaul which Defendants indicated would cost $230,490.00.

10. Thereafter, and without any further discussion with Plaintiff, Defendants unilaterally agreed to provide St. Anthony with the extended warranty, service agreement, and future overhaul of the Chiller. Then, on March 2, 2023, and notwithstanding the parties' Agreement, Defendants sent Plaintiff a letter demanding payment of the additional amount of $230,490.00.

11. By now demanding additional payment from Plaintiff, Defendants have acted in a manner that is contrary to the terms of the Work Order as well as the parties' Agreement. Accordingly, Plaintiff now files this action to request the relief set forth below, including a declaration by the Court of the respective rights and obligations owed or existing between the parties to this action.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

12. Plaintiff re-alleges and incorporates by reference each and every material allegation in the foregoing paragraphs as if fully set forth herein.

13. On or about August 26, 2022, Plaintiff and Defendants entered into an Agreement wherein they agreed to resolve all damages alleged to have been incurred by Defendants related to the installation of the Chiller. Specifically, Plaintiff agreed to write off the amount owed under their Invoice, and Defendants agreed to accept such amount in satisfaction of any and all damages claimed to have been incurred by Defendants in connection with the installation of the Chiller.

14. Despite this Agreement and the fact that Plaintiff has no obligation under the Work Order to pay for any damages to the Chiller, Defendants have now demanded that Plaintiff pay them an additional amount of $230,490.00 for an extended warranty, service agreement, and future overhaul of the Chiller.

15. Defendant's demand and actions in this regard are contrary to the terms of the Work Order and are in breach of the parties' Agreement, causing Plaintiff to incur damages, costs, and attorney fees in an amount in excess of $10,000.00 as will be established at trial. Plaintiff further requests that the Court grant such other and further relief deemed to be just and proper.

**SECOND CAUSE OF ACTION**
**(Specific Performance)**

16. Plaintiff re-alleges and incorporates by reference each and every material allegation in the foregoing paragraphs as if fully set forth herein.

17. Plaintiff and Defendants entered into an Agreement wherein the parties agreed to resolve any and all claims for damages related to the Chiller. Furthermore, and even before the Agreement, Defendants agreed to the Work Order which provides that Plaintiff has no liability for

any damage to any property that might occur in connection with the services and equipment provided by Plaintiff, including any damage to the Chiller.

18. Despite the terms of the Work Order and the parties' Agreement, Defendants now demand that Plaintiff pay them the amount of $230,490.00 for an extended warranty, service agreement, and future overhaul of the Chiller which Defendants subsequently and unilaterally agreed to provide to St. Anthony.

19. Defendants' demand is contrary to the terms of the Work Order and parties' Agreement. As such, Plaintiff is entitled to a ruling from this Court that Defendants have acted in a manner contrary to their obligations under the Work Order and Agreement, which Defendants should be required to specifically honor and perform.

20. Plaintiff therefore requests that the Court grant this request for specific performance and award Plaintiff all damages, costs, and attorney fees in an amount in excess of $10,000.00, as will be established at trial. Plaintiff further requests that the Court grant such other and further relief deemed to be just and proper.

**THIRD CAUSE OF ACTION**
**(Declaration of Rights)**

21. Plaintiff re-alleges and incorporates by reference each and every material allegation in the foregoing paragraphs as if fully set forth herein.

22. Plaintiff and Defendants entered into a Work Order wherein Plaintiff agreed to provide equipment and services in connection with the installation and setting of the Chiller. The Work Order expressly states that Plaintiff shall have no liability for any damage to any property, including the Chiller, that might be caused or occur in providing the involved equipment and services. In addition, after the Chiller was installed and alleged to have been damaged, Plaintiff and Defendants entered into an Agreement wherein they agreed to resolve all damages alleged to

have been incurred by Defendants in connection with the installation of the Chiller. Specifically, Plaintiff agreed to write off the amount owed under its Invoice, and Defendants agreed to accept such amount in satisfaction of any and all damages to the Chiller as alleged to have been incurred by Defendants.

23. Despite the terms of the Work Order and the parties' Agreement, Defendants now demand that Plaintiff pay them the amount of $230,490.00 for an extended warranty, service agreement, and future overhaul of the Chiller. Plaintiff disputes any obligation to pay this additional amount. As such, a present controversy and dispute exists concerning the parties' rights and obligations as it relates to this payment or under the Work Order and Agreement.

24. In order to diligently and properly resolve this present and existing controversy, Plaintiff seeks a declaration from this Court pursuant to 12 O.S. § 1651 as to the parties' respective rights and obligations under the Work Order and Agreement, including a ruling on whether Plaintiff is obligated to pay for the cost of the extended warranty, service agreement, and future overhaul that Defendants agreed to provide to St. Anthony. Plaintiff further requests an award of all its attorney fees, costs, and other damages incurred in connection with this matter, as well as such other and further relief deemed by the Court to be just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiff Belger Cartage Service, Inc. prays that the Court grant judgment in its favor and against Defendants Trane U.S., Inc. d/b/a Trane, and Trane Technologies Company, LLC on all claims pled herein. Plaintiff further requests an award of all attorney fees, costs, and other damages incurred in connection with this matter, as well as such other and further relief as the Court deems to be just and proper.

Respectfully submitted,

Philip A. Schovanec, OBA No. 16303
Brian R. Matula, OBA No. 14778
100 N. Broadway, Suite 1700
Oklahoma City, OK 73102
Telephone: (405)
pschovanec@fellerssnider.com
***Counsel for Plaintiff,***
***Belger Cartage Service, Inc.***