**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1) BELGER CARTAGE SERVICE, INC., a domestic for-profit company,<br><br>Plaintiff,<br><br>v.<br><br>(1) TRANE U.S., INC., d/b/a TRANE, a domestic for-profit company, and<br>(2) TRANE TECHNOLOGIES COMPANY, LLC, a domestic for-profit company,<br><br>Defendants. | Case No. 5:23-cv-00317-J |

**DEFENDANTS TRANE U.S. INC. AND TRANE TECHNOLOGIES COMPANY, LLC'S ANSWER TO PLAINTIFF'S PETITION AND COUNTERCLAIM**

COMES NOW, Defendants Trane U.S. Inc. and Trane Technologies Company, LLC (collectively referred to as "Trane") by and through their Counsel of Record, and for their Answer to Plaintiff's Petition states and alleges:

1. Admitted.

2. Admitted.

3. Admitted.

4. The Federal District Court for the Western District of Oklahoma has proper jurisdiction over this matter.

5. Denied.

6. Admitted.

7. Trane admits that it sent Plaintiff a letter on April 29, 2022, outlining the initial damages caused by Plaintiff's negligence. Trane admits that it sent an additional letter to Plaintiff on December 16, 2022, updating Plaintiff on the testing and repairs done to the chiller as of that time and alerting Plaintiff to the ongoing need for monitoring and future maintenance.

8. The allegation in Paragraph 8 of Plaintiff's petition is insufficient for Trane to admit or deny as Trane has had numerous conversations with Plaintiff's employees regarding the progress and costs associated with testing and repair of the chiller Plaintiff damaged, beginning immediately after the damage until the filing of Plaintiff's suit.

9. Denied.

10. Denied.

11. Denied.

12. Paragraph 12 of Plaintiff's Petition does not state an allegation that requires a response from Trane, but were one required, Trane denies the same.

13. Denied.

14. Denied.

15. Denied.

16. Paragraph 16 of Plaintiff's Petition does not state an allegation that requires a response from Trane, but were one required, Trane denies the same.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Paragraph 21 of Plaintiff's Petition does not state an allegation that requires a response from Trane, but were one required, Trane denies the same.

22. Denied.

23. Denied.

24. Denied.

**AFFIRMATIVE DEFENSES**

25. Waiver and Estoppel.

26. Accord and Satisfaction.

27. Plaintiff may fail to state a claim upon which relief may be granted.

28. The acts and omissions of Trane are neither the cause in fact, nor the approximate cause, of any injuries, cost, or damages allegedly incurred by Plaintiff.

29. Any damages Plaintiff may have suffered, which damages are specifically denied, are divisible both in cause and in effect.

30. Plaintiff failed to mitigate any alleged damages.

31. Plaintiff's damages, if any, result from causes unrelated to Trane.

32. The damages alleged by Plaintiff, if any, resulted from the acts or omissions of Plaintiff and/or parties over whom Trane had no control, and such acts or omissions caused the damages complained of, if any.

33. Trane reserves the right to assert any and all affirmative defenses that discovery may reveal appropriate.

WHEREFORE, Trane prays this Court deny Plaintiff's requested relief and enter judgment in Trane's favor with costs and attorney's fees extended herein and for all other relief as the Court may deem just and proper.

## COUNTERCLAIM

COMES NOW, Defendant Trane U.S. Inc., and for its Counterclaim against Plaintiff, Belger Cartage Service, Inc. ("Belger") advises and states:

34. Trane U.S. Inc. restates and incorporates by reference its allegations and averments set forth in Paragraphs 1 through 33 above as if fully set out hereafter.

35. On June 10, 2021, Trane contracted with Belger to install a Trane Chiller unit for Trane U.S. Inc.'s customer, St. Anthony's Hospital.

36. Senior Vice President for Belger, Chad Clark, with the knowledge and authority of Belger and within the course and scope of his employment, signed the Master Construction Subcontract on July 6, 2021.

37. On November 6, 2021, Trane U.S. Inc. issued a work order to Belger for the scope of work and conditions required for the chiller.

38. At all time material, Belger was in the business of providing crane services.

39. By virtue of its business as a crane service provider, Belger had, assumed, and/or owed a non-delegable duty to manage and supervise its crane work to ensure the work was performed in a good and workmanlike manner and that it adhered to the standard industry practices.

40. On April 22, 2022, while Belger was installing the chiller, it damaged the chiller.

41. That same day, Trane U.S. Inc. alerted Belger that they had damaged the chiller and continued to update Plaintiff on the progress of testing, repair, and costs.

42. Belger was aware of Trane U.S. Inc.'s actions, expenditures, and expectations of Belger under the Master Construction Subcontract throughout.

43. Belger breached its duty by failing to perform the crane work in a reasonable, good, and workmanlike manner.

44. Belger is responsible for any damages, including repair or replacement of defective materials or workmanship related to Belger's contractual scope of work.

45. Belger's negligence directly and proximately caused actual property damage, a substantial risk of future property damage, and delay of construction and loss of use of the chiller by which Trane U.S. Inc. incurred $18,865.00 in testing and labor costs to evaluate and rehabilitate the chiller and $211,625.00 to warranty and maintain the chiller over the next ten years.

46. Trane U.S. Inc. had a legally binding and enforceable contract with Belger.

47. Belger failed to perform its obligations under the contract and is in breach of its terms.

48. As a direct and proximate result of the breach of the Master Construction Subcontract Trane U.S. Inc. has suffered and continues to suffer damages.

WHEREFORE, Trane U.S. Inc. requests this Court enter judgment in its favor and against Belger Cartage Services, Inc. for the above-pled claims. Trane U.S. Inc. further requests the Court award attorney fees, costs, and for such other relief as it may be entitled.

Respectfully submitted,

By ______________________________

WILLIAM T. MCKEE, OBA #15305
bmckee@rhodesokla.com
REBECCA L. NEWMAN, OBA #30898
rnewman@rhodesokla.com
RHODES HIERONYMUS JONES TUCKER & GABLE
P.O. Box 21100
Tulsa, Oklahoma 74121-1100
(918) 582-1173; (918) 592-3390 [fax]
***Attorneys for Defendants***

**CERTIFICATE OF SERVICE**

I certify that on this 26th day of April 2023, the above was sent via electronic service through the courts CM/ECF system. Based on the records currently on file in this case, the Clerk of the Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

William T. McKee/Rebecca L. Newman