**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| BELGER CARTAGE SERVICE, INC., a domestic for-profit company.<br><br>Plaintiff,<br><br>v.<br><br>TRANE U.S., INC., d/b/a TRANE, a domestic for-profit company, and TRANE TECHNOLOGIES COMPANY, LLC, a domestic for-profit company,<br><br>Defendants. | ) | Case No. CIV-23-00317-J |

**<u>PLAINTIFF'S ANSWER TO COUNTERCLAIM</u>**

COMES NOW Plaintiff Belger Cartage Service, Inc. ("Plaintiff") hereby submits the following Answer to the Counterclaim [Dkt. 4] of Trane U.S. Inc. ("Defendant").

34. Paragraph 34 of Defendant's Answer and Counterclaim does not state an allegation to which a response is required, but to the extent a response is required, such is denied.

35. In response to Paragraph 35 of Defendant's Counterclaim, Plaintiff admits it was contacted by Defendant regarding the installation of a chiller at St. Anthony's Hospital, but denies anything in Paragraph 35 in addition to or in consistent with the foregoing.

36. In response to Paragraph 36 of Defendant's Counterclaim, Plaintiff admits Chad Clark was the Senior Vice President for Plaintiff during the referenced period of time, but states the date, terms, and effect of any referenced contract speak for themselves and Plaintiff denies anything in Paragraph 36 in addition to or inconsistent with the foregoing.

37. In response to Paragraph 37 of Defendant's Counterclaim, Plaintiff admits that a work order was issued regarding the referenced chiller, but states the terms and effect of any such work order speak for themselves and Plaintiff denies anything in Paragraph 37 in addition to or inconsistent therewith.

38. In response to Paragraph 38 of Defendant's Counterclaim, Plaintiff admits it provided the referenced crane services but Plaintiff denies anything in Paragraph 38 in addition to or inconsistent with the foregoing.

39. In response to Paragraph 39 of Defendant's Counterclaim, Plaintiff states that the allegations therein constitute or require legal conclusions to which no response is required, and to the extent they are assertions of fact, they are denied.

40. In response to Paragraph 40 of Defendant's Counterclaim, Plaintiff admits the referenced chiller was damaged but denies anything in Paragraph 40 in addition to or inconsistent with the foregoing.

41. In response to Paragraph 41 of Defendant's Counterclaim, Plaintiff admits Defendant notified Plaintiff that the referenced chiller had allegedly been damaged, but denies any allegation in Paragraph 41 in addition to or inconsistent with the foregoing.

42. Plaintiff denies the allegations in Paragraph 42 of Defendant's Counterclaim.

43. Plaintiff denies the allegations in Paragraph 43 of Defendant's Counterclaim.

44. Plaintiff denies the allegations in Paragraph 44 of Defendant's Counterclaim.

45. Plaintiff denies the allegations in Paragraph 45 of Defendant's Counterclaim.

46. In response to Paragraph 46 of Defendant's Counterclaim, Plaintiff admits the parties entered into a contract, including a contract wherein Plaintiff and Defendant

agreed to resolve all damages associated with the chiller, but Plaintiff states the terms of any such contract speak for themselves and Plaintiff denies anything in Paragraph 46 in addition to or inconsistent with the foregoing.

47. Plaintiff denies the allegations in Paragraph 47 of Defendant's Counterclaim.

48. Plaintiff denies the allegations in Paragraph 48 of Defendant's Counterclaim.

## AFFIRMATIVE DEFENSES

49. Defendant's Counterclaim fails to state a claim upon which relief may be granted.

50. Defendant's Counterclaim is barred under the doctrines of Waiver and Estoppel.

51. Defendants' Counterclaim is barred based on Defendants' assumption of risk, release, and/or indemnification.

52. Defendant's Counterclaim is barred based on Accord and Satisfaction.

53. Any damages that may have been suffered, which damages are specifically denied, are divisible both in cause and in effect, and were caused or incurred by Defendant and not Plaintiff.

54. Defendants failed to mitigate any alleged damages.

55. The damages alleged by Defendants, if any, were resolved by agreement and/or resulted from the acts or omissions of Defendants and/or parties over whom Plaintiff had no control, and as such the damages complained of, if any, were caused or incurred by Defendant and not Plaintiff.

56. Plaintiff reserves the right to assert any and all affirmative as other defenses that discovery may reveal are appropriate.

WHEREFORE, Plaintiff Belger Cartage Service, Inc., prays this Court deny Defendant's Counterclaim and all relief requested therein, enter judgment in favor of Plaintiff, award Plaintiff all its costs and attorney's fees incurred herein, and grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

*s/ Philip A. Schovanec*
Philip A. Schovanec, OBA No. 16303
Brian R. Matula, OBA No. 14778
FELLERS SNIDER BLANKENSHIP
BAILEY & TIPPENS, PC
100 N. Broadway, Suite 1700
Oklahoma City, OK 73102
Telephone: (405) 232-0621
Facsimile: (405) 232-9659
Email: pschovanec@fellerssnider.com
bmatula@fellerssnider.com
***Attorneys for Plaintiff,***
***Belger Cartage Service, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2023, I filed the attached document with the Clerk of Court. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the Electronic Case Filing System.

*/s/ Philip A. Schovanec*

07898:906054